UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

APR - 4 2005

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

TAMERA and CHADDWIC SMITH,

        Plaintiffs/Petitioners,

CASE NO. 03-74213

*3 |*

-vs-

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

HON. ELIZABETH M. PEZZETTI, JUDGE,
OAKLAND COUNTY CIRCUIT COURT; HON.
LISA SULLIVAN, JUDGE, CLINTON COUNTY
CIRCUIT COURT; AND DONNA & JONATHAN
CROMWELL,

        Defendants/Respondents.

_____ /

**OPINION GRANTING DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C.
§2201 AND FEDERAL RULE OF CIVIL PROCEDURE 57, DECLARING THAT:**

**(1) ON MARCH 17, 2003 THE CLINTON COUNTY CIRCUIT COURT, FAMILY
DIVISION, ENTERED ORDERS OF ADOPTION[1] GRANTING THE SMITH
PLAINTIFFS THE LEGAL STATUS OF PARENTS OF THE TWO MINOR
CHILDREN;**

**(2) THE FOLLOWING SUBSEQUENT STATE CIRCUIT COURT ORDERS
ENTERED AFTER THE CLINTON COUNTY MARCH 17, 2003 ORDERS OF
ADOPTION REMOVING THE TWO MINOR CHILDREN FROM THE SMITHS ARE
VOID *AB INITIO* BECAUSE THEIR ISSUANCE WAS IN VIOLATION OF THE
SMITH PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS TO NOTICE AND A
HEARING UNDER THE UNITED STATES CONSTITUTION:**
**(a) *IN THE MATTER OF: LILIANDRA AMETHYST DAWNE HOLEY, AND
PEARL PATRICE HOLEY, ADOPTEES; DONNA AND JONATHAN CROMWELL,
PETITIONERS, v. FAMILY INDEPENDENCE AGENCY, RESPONDENT, FILE NOS.: 02-***

---

[1]This March 17, 2003 Orders of Adoption were entered by Clinton County Circuit Judge
Marvin Robertson - Judge Robertson has retired from the bench and been succeeded by Judge
Lisa Sullivan.

665772-AD; 02-669671-AD, OAKLAND COUNTY CIRCUIT COURT ORDER OF APRIL
15, 2003 (PEZZETTI, J.);
      **(b)** *IN THE MATTER OF: LILIANDRA AMETHYST DAWNE HOLEY, PEARL
PATRICE HOLEY, ADOPTEES,* **FILE NOS.: 02-16009-AM; 01-16008-AM, CLINTON
COUNTY CIRCUIT COURT ORDERS OF APRIL 17, 2003 AND APRIL 18, 2003
(ROBERTSON, J.)**

      **(3) THUS, THE MARCH 17, 2003, CLINTON COUNTY ORDERS OF
ADOPTION OF THE TWO MINOR CHILDREN BY THE SMITH PLAINTIFFS ARE
THE LAST VALID STATE CIRCUIT COURT ORDERS NOT IN VIOLATION OF THE
DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION;**

      **(4) FUTURE STATE COURT PROCEEDINGS RELATING TO THE TWO
MINOR CHILDREN MUST NOT VIOLATE THE DUE PROCESS RIGHTS OF THE
SMITH PLAINTIFFS UNDER THE UNITED STATES CONSTITUTION.[2]**

**INTRODUCTION:**

      Presently before the Court is Tamera and Chaddwic Smiths' ("Smith Plaintiffs") motion

for partial summary judgment and/or declaratory relief on their 42 U.S.C. §1983 due process

claims against Defendant Oakland County Circuit Court Judge Elizabeth Pezzetti and Defendant

Clinton County Circuit Court Judge Lisa Sullivan (vice Judge Marvin Robertson). The Court

heard oral argument on March 3, 2005.

**BACKGROUND:**

      On November 10, 2004, this Court issued an Opinion and Order: (1) Granting Defendant

Oakland County Circuit Court's Motion to Dismiss; (2) Granting Defendant Oakland County

Circuit Judge Martha D. Anderson's Motion to Dismiss; (3) Denying Defendant Oakland County

Circuit Judge Elizabeth Pezzetti's Motion to Dismiss; (4) Granting Defendant Clinton County

Circuit Court's Motion to Dismiss; (5) Denying Defendant Clinton County Circuit Judge Lisa

---

[2]This Declaratory Ruling is based upon the violation of the Smith Plaintiffs' right to
Procedural Due Process under the United States Constitution; this Declaratory Ruling does not
address substantive state family law issues, *inter alia,* custody/adoption.

Sullivan's (vice Judge Marvin Robertson) Motion to Dismiss; and (6) Denying Defendants

Jonathon and Donna Cromwell's Motion to Dismiss. Thus, the remaining Defendants in this

action are Oakland County Circuit Judge Elizabeth Pezzetti, Clinton County Circuit Judge Lisa

Sullivan (vice Judge Marvin Robertson), and Jonathan and Donna Cromwell.

A brief summary of the case scenario is quoted from this Court's Opinion and Order of

November 10, 2004:

> This case revolves around two minor children, sisters, Liliandra Amethest Dawne Holey,
> birth date August 29, 2001 and Pearl Patrice Holey, birth date August 10, 2002, who both
> became available for adoption due to tragic events that ensued in their biological family.
> This case also involves two families, the Tamera and Chaddwic Smith Family of Clinton
> County ("Smith Plaintiffs"), and the Donna and Jonathan Cromwell Family of Oakland
> County "Cromwell Defendants"), both of which are seeking to adopt these two children.
>
> On March 17, 2003, Clinton County Family Court Judge Marvin Robertson issued orders
> of adoption of the two children by the Smiths – which orders were subsequently revoked
> by a combination of two court orders, both of which were issued without notice to the
> childrens' then-parents the Smith Plaintiffs. The first order was issued on April 12, [sic –
> 15] 2003 by Oakland County Family Court Judge Elizabeth Pezzetti, the second, on April
> 17, 2003, by Clinton County Judge Robertson, who had ordered the adoptions one month
> earlier.[3] There has never been any allegation that the Smiths were unfit parents. The two
> children presently reside with the Cromwells in Oakland County.

(November 10, 2004 Opinion and Order at 1-2)

On December 6, 2004 the Smith Plaintiffs filed a motion for partial summary judgment/

declaratory judgment, *inter alia,* on their 42 U.S.C. §1983 procedural due process claims. While

the Smith Plaintiffs' motion speaks of relief against all Defendants, in fact, this motion does not

seek relief against the Defendant Cromwells, who are named only in the conspiracy claim.

Defendant Clinton County Circuit Judge Lisa Sullivan, vice Judge Marvin Robertson,

---

[3]On April 18, 2003, Judge Robertson issued a Corrected Opinion and Order with minor
changes, that he noted was "NUNC PRO TUNC April 17, 2003."

3

("Defendant Judge Sullivan") filed a response in opposition on December 30, 2004. On January

6, 2005, Defendants Jonathan and Donna Cromwell ("Cromwell Defendants") filed a response

in opposition. Defendant Oakland County Circuit Judge Elizabeth Pezzetti ("Defendant Judge

Pezzetti") filed a response in opposition also on January 6, 2005. The Smith Plaintiffs filed

replies to the Defendants' responses on January 18, 2005 and January 26, 2005.

This Court's November 10, 2004 Order did not contain a set of "undisputed facts." That

Order addressed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6):

> In conducting its review [of a motion to dismiss pursuant to Rule 12(b)(6)], the Court
> 'must construe the complaint in the light most favorable to the plaintiff, accept all of the
> complaint's factual allegations as true, and determine whether the plaintiff undoubtedly
> can prove no set of facts in support of his claim that would entitle him to relief.'

(November 10, 2004 Opinion and Order at 26). (Internal citations omitted). The Court's factual

record set forth in the November 10, 2004 Order was based upon the evidence submitted by the

parties. Some of these facts were contested in the instant motion, some were not.

On the other hand, insofar as certain critical facts are not disputed by the parties in the

instant motion, the Court utilizes these facts, which may also have been noted in the November

10, 2004 Order, in this opinion. Specifically, certain facts are not disputed by the parties, *inter*

*alia*, the dates of the state circuit court hearings, the presence or absence of certain parties at

these hearing, the orders issued by the state circuit courts, and the lack of formal notice to the

Smiths and the opportunity to appear at the post-March 17, 2003 court hearings on April 4, 2003

in Oakland County, or prior to the entry of the post March 17, 2003 court orders of Clinton

County entered April 17 and 18, 2003.

## ARGUMENTS

4

### 1. Plaintiffs Tamera and Chaddwic Smith

The Smith Plaintiffs argue that summary judgment/declaratory relief is appropriate as to Judge Pezzetti, Judge Sullivan (vice Robertson) and Defendant Cromwells. (Smiths' Motion at 1-2). As the Court noted *supra,* the Smith Plaintiffs' requests for relief are directed against the judicial Defendants, and not the Defendant Cromwells. The Smith Plaintiffs contend that there is no genuine issue of material fact as to the most salient facts in this case. (*Id.* at 2). These facts include the Smith Plaintiffs' legal status as parents of the children as of March 17, 2003, and the Defendants' failure to provide Plaintiffs with notice of the relevant subsequent court proceedings and failure to provide an opportunity by the Smith Plaintiffs to participate in the proceedings or to respond prior to the entry of a critical order. (*Id.*).

### 2. Defendant Judge Elizabeth Pezzetti, Oakland County Circuit Court

Defendant Judge Pezzetti contends that it is improper for the Smith Plaintiffs to rely on statements contained within this Court's November 10, 2004 Opinion and Order as the sole factual basis to support their motion for summary judgment. (Pezzetti's Response at 1).

Defendant Judge Pezzetti argues that the manner in which the March 17, 2003 Clinton County Court adoption order was sought and obtained was the result of fraudulent conduct by the Smith Plaintiffs, and the order could be *void ab initio* and conveys no legal rights to the Smith Plaintiffs. (*Id.* at 5). Defendant Judge Pezzetti argues that if the adoption order is invalid, the Smith Plaintiffs claims must be dismissed. (*Id.*). Defendant Judge Pezzetti also argues that the Smith Plaintiffs' requested relief is inconsistent with this Court's November 10, 2004 Order. (*Id.* at 6).

### 3. Defendant Judge Lisa Sullivan (vice Marvin Robertson), Clinton County

### Circuit Court

Defendant Judge Sullivan requests that this Court deny any relief that would require it to conduct further hearings or proceedings in this case. (Sullivan's Response at 8). Defendant Judge Sullivan argues that it has no jurisdiction to act with respect to the minor children because then - Judge Robertson, in his April 17 and April 18, 2003 court orders, determined as a matter of substantive law that Clinton County Circuit Court no longer had jurisdiction over the minor children and transferred the case to Oakland County. (*Id.* at 7). Defendant Judge Sullivan also argues that 42 U.S.C. §1983 does not authorize injunctive relief prior to the violation of a declaratory decree. (*Id.* at 6). Therefore, rather than ordering that a hearing be held, Defendant Judge Sullivan contends that the Court should issue a declaration of unconstitutionality and permit Oakland County Circuit Court to proceed in an orderly fashion. (*Id.* at 6-7). This Court concurs with Clinton County's interpretation of 42 U.S.C. § 1983, that it cannot issue injunctive relief against a state court Judge prior to the issuance of a declaratory decree. This Court does not concur with Clinton County's contention that any future state court proceeding must take place in Oakland County Courts.

### 4.     Defendants Donna and Jonathan Cromwell

Defendant Cromwells argue that there are numerous factual issues in dispute which preclude an order of summary judgment and/or declaratory relief in favor of the Smith Plaintiffs. Defendant Cromwells contend that the Smith Plaintiffs committed a fraud upon the Clinton County Court in that the Smith Plaintiffs allegedly did not disclose their knowledge of the pending Section 45 hearing in Oakland County. (Cromwell's Response at 4). Defendant Cromwells also argue that the Smith Plaintiffs have unclean hands and therefore the Court should

6

deny them the equitable relief they request.  (*Id.* at 8).


## ANALYSIS

### A. Standards for Summary Judgment/Declaratory Judgment

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim,

counterclaim, or cross-claim is asserted may "at any time, move with or without supporting

affidavits, for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ.

P. 56(b).  Summary judgment is appropriate where the moving party demonstrates that there is no

genuine issue of material fact as to the existence of an essential element of the nonmoving party's

case on which the nonmoving party would bear the burden of proof at trial.  *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility
> of informing the district court of the basis for its motion, and
> identifying those portions of "the pleadings, depositions, answers
> to interrogatories, and admissions on file, together with the
> affidavits, if any," which it believes demonstrate the absence of a
> genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that

fact "would have [the] effect of establishing or refuting one of the essential elements of a cause

of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.

1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted).  A dispute over a

material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-1211 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

Federal Rule of Civil Procedure 57, which relates to a declaratory judgment states, pertinent part that:

> [t]he procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., §2201, shall be in accordance with these rules .... The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The Court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

(Fed. R. Civ. P. 57).

**B.    Discussion**

8

### 1.    Due Process Violations as to Defendants

As set forth in the Court's November 10, 2004 Order, on March 17, 2003, Clinton County

Judge Robertson entered final adoption orders for both minor children making the Smith

Plaintiffs their legal parents. The adoption orders legally changed the names of the children to

Victoria Lili Smith and Elizabeth Ann Smith.

The chronological history of the state court proceedings relating to the minor children

includes the following:

(1) On September 12, 2002, Ingham County Circuit Court Judge Paula Manderfield terminated

the parental rights of Jennifer Holey, mother of Liliandra Amethyst Dawne and Pearl Patrice

Holey, minors, and committed the children to the Michigan Children's Institute of the Family

Independence Agency ("FIA") for adoptive planning, supervision, care and placement. The

father, Patrick Holey was deceased.

(2) On December 5, 2002, the State of Michigan FIA issued a Consent to Adoption

Decision in favor of the Smith family, and rejecting the Cromwell family. That decision included

the following pertinent facts:

The children's names and dates of birth: Liliandra Holey (D.O.B. 8-24-2001) Pearl Holey (D.O.B. 8-10-2002).

There were two "Prospective Adoptee Families: Mr./Mrs. Cromwell, Mr. Mrs. Smith."

That termination of parental rights had occurred on September 13, 2002, in Ingham County Circuit Court - Family Division.

The Smiths were the foster parents who have had the children placed in their foster home.

The Cromwells were relatives to the children, Mrs. Cromwell is a 1st cousin to the

9

maternal grandmother of the children.[4]  The Cromwells did not have a prior relationship with the children.

That Lutheran Adoption Service ("LAS") was the adoption agency.

Copies of the FIA Consent to Adoption Decision were forwarded to each family, the FIA case files, a caseworker with the LAS, Attorney Ken Birch the Legal Guardian Ad Litem, and to Attorney John Mills representing the Cromwells.  The final sentence of the FIA Consent to Adoption Decision states:

> The adoption agency may proceed with assisting the selected family in making progress toward adoption of the children.

Accordingly, the FIA decision selected the Smiths for adoption of the two children and directed the adoption agency, Lutheran Adoption Service, to assist the Smiths in progressing toward adopting the children.

(3) On December 13, 2002, Clinton County Circuit Judge Marvin Robertson issued Orders terminating the parental rights of the Michigan FIA, Michigan Children's Institute as to each of the two minor children.  The Orders further stated: "IT IS ORDERED.  3. the Consent to Adoption is genuine and is given by the person(s) having legal authority to sign the consent and the best interests of the adoptee will be served by the adoption."

Thus, at this point, the FIA no longer had any rights, parental or institutional, as to the

---

[4]Oakland County Circuit Judge Elizabeth Pezzetti's Opinion of April 15, 2003, *In the Matter of: Liliandra Amethyst Dawne Holey and Pearl Patrice Holey, Adoptees, et al.,* File Nos. 02-669661-2-AD; 02-669671-AD, page 7, set forth the following relationship between the two girls and the Cromwells: "According to the testimony presented and this Court's review of Exhibit 17, Mrs. Cromwell is a maternal cousin of Jennifer, Liliandra and Pearl.  Specifically, it appears that Jennifer's maternal grandmother (Marian) and Mrs. Cromwell's mother (Mary) are sisters, making Mrs. Cromwell a first cousin twice removed (sixth degree) from Liliandra and Pearl."

10

two minor children.

This fact becomes significant with regards to the future Section 45 hearing held on April 4, 2003 in Oakland County, wherein the style of the case lists as Respondents, the FIA, assuming erroneously that the FIA had institutional rights or custody of the two minor children at that time. Further, Defendant Cromwells' Motion for a Section 45 hearing had been filed in Oakland County on January 31, 2003, after the FIA's involvement with the two minors had been terminated by the Clinton County Circuit Court on December 13, 2002.

(4) Also on December 13, 2002, the Clinton County Circuit Court, Family Division, per Judge Marvin Robertson, issued orders titled "Order Placing Children After Consent," directing that the two girls had been made wards of that court for purposes of adoption, and approved placement in the home of the Smith Plaintiffs as adoptive parents. Each order, stated in pertinent part:

THE COURT FINDS:

2. A petition for an order of adoption [by the Smiths] has been filed.
3. A report of investigation has been filed and reviewed by the court.
4. The best interests of the adoptee will be served by the adoption.
5. The rights of both parents or the person in loco parentis have been terminated.

IT IS ORDERED:

6. The adoptee is made a ward of this court for purposes of adoption and placement in the home of the adoptive parents, Chaddwic Matthew Smith and Tamera LaVon Smith, is approved.

7. Lutheran Adoption Services shall supervise the adoptee in the home and shall make reports to the court regarding the adjustment of the adoptee in the home every 3 months.

8. The adoptive parent(s) may consent to all medical, surgical, dental, optical, psychological, educational, and related services for the adoptee.

11

(Clinton County Circuit Court, Family Division, December 13, 2002 Order).

On January 31, 2003, a Section 45 motion under the adoption code relating to the two minor children was filed by the Cromwell Defendants in the Oakland County Circuit Court - Family Division. On February 6, 2003, the Oakland County Circuit Court - Family Division sent a "Notice of Prior Court of [sic] Proceedings Affecting Minor(s)" to the Court Clerk or Register of Clinton County, noting that a Section 45 motion under the adoption code had been filed on January 31, 2003.

The Notice stated there was "NO SCHEDULED DATE" for a hearing on the matter. The Notice listed under "Name(s) of Parent(s)/Plaintiff/Defendant," the following: "Jennifer Patricia Holey, Patrick Holey, Chaddwic and Tamera Smith." The Holeys were the biological parents of the two children. At that time, Patrick Holey was deceased; Jennifer Holey was incarcerated, having had her parental rights terminated by the Ingham County Circuit Court. The Smiths were the family in whose home the children had been placed pursuant to the above quoted December 13, 2002, Clinton County Court Orders "Placing Children After Consent." The Smiths, listed as parties to the Oakland County case, were never served with this, or indeed any, Oakland County Hearing Notice. The Notice listed the names of the minor children as Liliandra Amethyst Dawne Holey, and Pearl Patrice Holey.

On March 17, 2003, the Clinton County Circuit Court per Judge Marvin Robertson entered Orders of Adoption of the two minor children by the Plaintiff Smiths.

On April 4, 2003, Oakland County Circuit Court Judge Elizabeth Pezzetti held the Section 45 hearing regarding the two minor children without providing notice to the Smith Plaintiffs, then legal parents of the children.

12

The case was styled "*In the Matter of Liliandra Amethyst Dawne Holey, and Pearl Patrice Holey, Adoptees; Donna and Jonathan Cromwell Petitioners v. Family Independence Agency, Respondent.* However, because of Judge Robertson's order of December 13, 2002, the FIA no longer had any relationship to the children. FIA attorneys chose not to attend the hearing; the only parties represented at the hearing were the Defendant Cromwells; no Guardian Ad Litem was appointed to represent the two minor children.

At that same time, Judge Pezzetti acknowledged in her Opinion and Order of April 15, 2003 that the Smiths were the legal parents of the two minor children:

> P. 53    Judge Robertson of the Clinton County Family Court finalized the adoption of Liliandra and Pearl by Mr. and Mrs. Smith on March 13 [sic], 2003.

> P. 54    [T]he Court orders the following: that the final order of adoption of Liliandra and Pearl to Mr. and Mrs. Smith entered on March 13 [sic], 2003 be immediately set aside.

Yet, the Oakland County Circuit Court failed to provide the Smiths, parents of the two minor children, with notice of, and an opportunity to be heard at the April 4, 2003 Section 45 proceeding, which resulted in Judge Pezzetti's April 15, 2003 Opinion ordering that the Order of Adoption by the Smiths "entered on March 13 [sic], 2003, be immediately set aside." (Judge Pezzetti Opinion, April 15, 2003, P. 54). In fact, the Clinton County Family Court Orders of Adoption were entered on March 17, 2003.

On April 17, and 18, 2003, Clinton County Circuit Court Judge Marvin Robertson, having been advised of Judge Pezzetti's Opinion and Order of April 15, 2004, and without providing notice to the Smiths, legal adoptive parents of the two minor children pursuant to his Orders of March 17, 2003, issued Opinions and Orders Setting Aside His Orders of Adoption.

13

The central issue raised by the Defendants in the instant pleadings is whether the whether the Clinton County March 17, 2003 Adoption Order made the Smith Plaintiffs the legal parents of the minor children. Defendants argue that the Smith Plaintiffs parental status was obtained through an intentional non-disclosure of material facts. Defendants further contend that had Judge Robertson known about the pending Rule 45 motion in Oakland County,[5] he would not have entered the March 17, 2003 Order.

Defendant Judge Sullivan states in her brief:

Receipt of the Section 45 notice was overlooked by Judge Robertson's staff, and he ministerially executed the adoption orders unaware that another court's jurisdiction had been invoked and the Oakland County Circuit Court was proceeding to the judicial review provided for by Michigan law. Had Judge Robertson been alerted to these facts on March 17, 2003, he would not have executed the adoption orders or otherwise acted with respect to the Holey minors.

(Sullivan's Response at 1). Judge Robertson also stated in an affidavit, procured after his retirement from the bench, that he would not have entered the adoption order had he not overlooked the Oakland County Section 45 motion proceedings notice. (Pezzetti's Response, Aff. of Robertson ¶7).

Defendants argue that the Smith Plaintiffs never held the legal status of parents because the March 17, 2003 Order was procured through fraud. The basis for this claim is that the Clinton County Court was not made aware of the Oakland County Notice of a Rule 45 hearing. In fact, all parties agree that the Clinton County Court received that notice, but that Judge

---

[5]This Court's November 10, 2004 Opinion described a Section 45 hearing as follows: "[a] 'Section 45' motion, pursuant to M.C.L. § 710.45, is the method by which a person who has been denied consent to adopt may challenge that decision. The Petitioner's motion must allege that the decision to withhold consent was arbitrary and capricious. A 'Section 45' motion must be brought within fifty-six days of the entry of the consent decision."

14

Robertson was not made aware of it by the Clinton County Clerk's Office. That does not create

facts that, in the light most favorable to the non-moving parties, could support a claim of a fraud

on the Clinton County Court by the Plaintiff Smiths. The allegations point toward a failure on

the part of Judge Robertson's staff or the Clinton County Court's Office.

Indeed, while the Defendants now seek to allege claims of fraud/unclean hands against

the Plaintiff Smiths, all previous claims were made against LAS.

Judge Pezzetti's Opinion and Order of April 15, 2003, stated on Page 19:

> In fact, it was LAS that recommended to a Judge in Clinton County that the adoption of
> Liliandra and Pearl by Mr. and Mrs. Smith be finalized despite the fact that Petitioner's
> instant motion was pending in this court.

Thereafter on Page 19-20, Judge Pezzetti's opinion stated:

> Petitioners [Cromwells] contend that Mr. Johnson's [MCI-FIA] decision to grant consent
> to adoption to Mr. and Mrs. Smith was a final favor to LAS as MCI Superintendent even
> though he no longer held that position as of November 11, 2002.

In addition, Judge Pezzetti's opinion stated on Pages 24-25:

> As noted previously, on March 13 [sic], 2003, despite Petitioner's motion pending in this
> Court, at the recommendation of LAS [fn. 8], Judge Robertson of the Clinton County
> Family Court finalized the adoption of Liliandra and Pearl by Mr. and Mrs. Smith.
> [fn. 8] It has been represented to this Court that LAS was certainly aware of
> Petitioner's pending Motion in this Court at the time that LAS gave its
> recommendation for the finalization of the adoption to Judge Robertson.

In addition, Clinton County Judge Robertson's April 17, 2003 Opinion and Order Setting

Aside Orders of Adoption, stated that in issuing the March 17, 2003 Adoption Order he

"personally reviewed the document entitled FINAL ADOPTION SUPERVISORY SUMMARY,

filed here on March 11, 2003 by Lutheran Adoption Service" and relied upon it. Finally, Judge

Pezzetti's Opinion and Order of June 12, 2003, states at Pages 7-8 that Judge Robertson issued

the Adoption Orders on March 17, 2003, "at the recommendation of Lutheran Adoption Service ("LAS")."

Thus, there is no factual basis before this Court for any fraud or unclean hands claim against the Smiths with regard to the issuance of the March 17, 2003 adoption orders by Clinton County Circuit Court Judge Marvin Robertson.

Defendants, particularly Defendant Judge Pezzetti, contend that Judge Robertson would not have entered the March 17, 2003 Order had he known there were pending Section 45 proceedings in Oakland County. (Pezzetti's Motion, Exh. B). The record is clear that the Clinton County Court had received notice of an Oakland County Section 45 motion; thus there was no fraud on the Clinton County Court as to the Section 45 motion. That Judge Robertson overlooked the Oakland County Notice of the filing of a yet-to-be-scheduled Section 45 motion does not support a claim of fraud against the Smiths with regard to Judge Robertson.

Defendant Judge Pezzetti's Response at Page 5 discussed an attached affidavit dated July 30, 2004 from "Retired Probate Judge Marvin E. Robertson" (Exhibit B to Pezzetti's Response) as supportive of a claim that the Smiths improperly failed to disclose any pending Oakland County proceeding in their Petitions for Adoption filed with the Clinton County Probate Court. However, Exhibit C attached to the Pezzetti Response, indicates that the Smiths Petitions for Adoption were filed on December 2, 2002, well before the Defendant Cromwell's Section 45 motion was filed in the Oakland County Circuit Court on January 31, 2003.

Defendant Judge Pezzetti also attaches as an exhibit, notes by a Deputy Register of Clinton County made on April 21, 2003, more than one month after the Clinton County Orders granting the Smiths adoption petition, after the Oakland County Order of April 15, 2003, and

16

after the Clinton County April 17 and 18 Orders Setting Aside the Orders of Adoption. The notes state that Plaintiffs were anxious to have the adoption finalized, and that when Mr. Shafer, counsel for the Smith Plaintiffs, was in the Courthouse on March 25, 2003, he stated there was "some type of appeal" going on in Oakland County. (*Id.*, Exh. D.). Those facts do not evidence a fraud upon on the Clinton County Court in issuing the March 17, 2003 Adoption Orders. That the Smith Plaintiffs were anxious to have the adoption finalized does not evidence fraud or unclean hands. That Mr. Shafer mentioned, eight days after the adoption, that there was "some type of appeal," post adoption, going on in Oakland County does not evidence fraud in the Clinton County adoption. That Judge Robertson overlooked the Oakland County notice does not support a claim of fraud or unclean hands against the Smith Plaintiffs. The Clinton County Courthouse was the repository of all the relevant papers in this case at the time Judge Robertson entered his orders of adoption on March 17, 2003.

Defendants bring forth no evidence indicating that the Smith Plaintiffs, then parents, were provided notice as required under the due process clause of United Stated Constitution for the Section 45 Oakland County proceedings. The Clinton County Court had been provided notice of a future, as yet unscheduled, Section 45 hearing. Thus, taking the uncontested facts before this Court in the light most favorable to the Defendants, the non-moving party, the Court finds that the Smith Plaintiffs did not engage in any acts that would constitute a fraud upon the Clinton County Court regarding the March 17, 2003 Orders of Adoption.

The Court finds that the uncontested facts remain that Judge Robertson entered the March 17, 2003 Order and its legal effect was to confer the legal status of parents to the Smith Plaintiffs. M.C.L.A. 710.60 provides:

17

(1) After the entry of the order of adoption, the adoptee shall, in case of a change of name, be known and called by the new name. The person or persons adopting the adoptee then stands in the place of a parent or parents to the adoptee in law in all respects as though the adopted person had been born to the adopting parents and are liable for all the duties and entitled to all the rights of parents.

(2) After the entry of the order of adoption there is no distinction between the rights and duties of natural progeny and the adopted person...

Under Michigan law, the Smith Plaintiffs became the legal parents of the children. The Court finds that the arguments advanced by Defendants are insufficient to negate this legal conclusion. The fact that former Judge Robertson, now states he would not have entered the March 17, 2003 Orders had he known what his county clerk knew at that time, is not relevant to this proceeding because the Orders were entered properly, and the relevant matters were located in the Clinton County Courthouse files. The children and the adoptive parents and all the papers were in the Clinton County Courthouse, - - and Judge Robertson's later reflections regarding the Order does not void the Order's legal effect.

Defendant Judge Pezzetti argues further:

When discussing whether or not the hearing conducted by Defendant Judge Pezzetti violated Plaintiffs' constitutional rights, the [the Court's November 10, 2004] Opinion states 'the Court notes that discovery has not yet taken place in this case' and that the hearing materials 'are relevant to the Smith Plaintiffs' claims, and the refusal to provide them to the Court for confidential *in camera* review prevents the Court from determining whether the hearing that took place did in fact violate the Smith Plaintiffs' rights.' The foregoing language indicates that the Court has not determined, based on the evidence presented, whether or not a constitutional violation occurred when the hearing was conducted and Plaintiffs' rights occurred. Thus, the requested relief that Plaintiffs were entitled to notice and that their procedural and substantive due process rights were violated has not been established as a matter of law and summary judgment would be improper.

(Pezzetti's Response at 8).

The Court does not concur with Defendant Judge Pezzetti's argument because it

misinterprets this Court's November 2004 Opinion and Order. The Court's language cited above

by Defendant Judge Pezzetti referred to the Smith Plaintiffs' allegations that Defendant

Cromwells engaged in a conspiracy with public officials to deprive the Smith Plaintiffs of their

constitutional rights. That claim would, of necessity require discovery of what occurred at the

Oakland County Court hearing. However, the Smith Plaintiffs have not included that conspiracy

claim in the instant motion for partial summary judgment/declaratory judgment. The Court finds

that discovery of what transpired at the Section 45 hearings in Oakland County is not relevant to

whether the Smith Plaintiffs' procedural due process rights were violated by their not receiving

notice and the opportunity to participate in the state court hearings post March 17, 2003. The

constitutional violation alleged occurred because the Smith Plaintiffs did not receive adequate

notice and had no meaningful opportunity to be heard before their parental rights and their

children were taken from them regarding the post March 17, 2003 hearings and orders.

Defendant Judge Pezzetti also cites two cases to support her notion that the Smith

Plaintiffs' conduct allows for this Court to find that the March 17, 2003 Order did not convey

legal parental status to the Smith Plaintiffs and that the Order is void *ab initio*. The Court finds

that neither case is persuasive in this instance.

*Laborers' Pension Fund et al. v. A & C Environmental, Inc.,* 301 F.3d 768 (7th Cir. 2002),

cited by Defendant Judge Pezzetti, involved a suit by a pension fund to collect unpaid

contributions. The defendant employer claimed that when he signed the collective bargaining

agreement binding him to make contributions, he did not know what he was signing. In the

context of reviewing the defendant employer's appeal of the district court's judgment, the

Seventh Circuit stated that "fraud in the execution results in the agreement being void *ab initio,*

19

whereas fraud in the inducement makes the transaction merely voidable." *Id.* at 779 (quoting *Southwest Admr's, Inc. v. Rozay's Transfer,* 791 F.2d 769, 774 (9th Cir. 1986). The Court finds *A & C Environmental* provides no support for the Court to find that the March 17, 2003 Order was void *ab initio* under the instant facts. The Court finds that Defendant Judge Pezzetti merely cites to a basic principle of contract law, and does not provide an appropriate analogy to the instant facts.

Similarly, the Court finds *Vogel v. U.S. Office Products Co.,* 258 F.3d 509, 519 (6th Cir. 2001), cited by Defendant Judge Pezzzetti, inapposite to the instant facts. In *Vogel,* the Sixth Circuit found that a remand order was dispositive, and therefore invalid because it was entered by a magistrate judge. In *Vogel,* the magistrate judge was without authority to enter the remand order. In the instant case, Judge Robertson had jurisdiction and proper authority to enter the adoption order. Therefore, *Vogel* is not helpful to the Defendants' argument.

Further, as noted in the Court's November 10, 2004 Order, the Oakland County notice of a section 45 hearing given to Clinton County acknowledged the "continuing jurisdiction" of the Clinton County Court. (*Id.* at 9). Defendants have submitted no evidence to suggest that the Smith Plaintiffs were provided constitutionally appropriate notice and an opportunity to be heard regarding the Section 45 hearings in Oakland County, or regarding the subsequent Clinton County Court orders seeking to undo the adoption order of March 17, 2003.

In finding that the March 17, 2003 Order is the last valid Order, this Court looks to the uncontested procedural history, prior to that Order's entry as set forth in this Court's November 10, 2004 Opinion and Order.

This Court notes that on September 6, 2002 Ingham County Judge Paula Manderfield

20

held a bench trial regarding jurisdiction and guardianship of the two children under the juvenile code. (November 10, 2004 Opinion and Order at 5). The Smith Plaintiffs and Defendant Cromwells had representation at the hearing before Judge Manderfield. (*Id.*). The Cromwell Defendants argued that the court consider the fact that an adoption proceeding had been filed in Oakland County and Jennifer Holey had signed consents on behalf of the Cromwells to adopt the children. (*Id.* at 6).

Judge Manderfield ruled on September 13, 2002, to involuntarily terminate Jennifer Holey's parental rights, and to commit the two minor children to the jurisdiction of the Michigan Children's Institute ("MCI"), a division of the Family Independence Agency. (*Id.* at 7). The Defendant Cromwells never challenged this court ruling. While, it is not certain whether or not they had a right to appeal that ruling, the fact is that they were represented at that hearing, participated in that hearing, and could have attempted to appeal that ruling. At a minimum, it is beyond dispute, that the Defendant Cromwells had notice of that hearing, were permitted to participate in the hearing, and did in fact participate in that hearing.

On December 5, 2002, the MCI, through its Superintendent William J. Johnson issued a three page single spaced Consent to Adopt in the Smith Plaintiffs' favor. (*Id.*). This decision was reached after Johnson evaluated the competing requests from the Smith Plaintiffs and the Cromwell Defendants and met with each family directly. (*Id.*). From there, the Smith Plaintiffs, with whom the children were legally residing, filed for adoption of the children in the Clinton County Circuit Court - Family Division, which Defendant Robertson ultimately granted on March 17, 2003. (*Id.* at 8). Clinton County Judge Robertson had proper jurisdiction to enter the final order of adoption. Indeed, the Oakland County Notice of a Rule 45 hearing (undated) listed

21

Clinton County as the Court with jurisdiction over the children and listed the Smiths as the parents/defendants.

The Court notes that the *Rooker-Feldman* doctrine does not allow the Court to go behind and examine the substance of the March 17, 2003 Order. On its face that order is valid. As set forth in the Court's November 10, 2004 Opinion, in a rare instance, the Court may examine unconstitutional procedural violations per *Catz v. Chalker* 142 F.3d 279 (6th Cir. 1998), with respect to a state court judgment. However, the Court finds that there are no facts that support such a claim as to unconstitutional procedures regarding the March 17, 2003 Order. The Court finds that there was a valid state court order which provided that on March 17, 2003 the Smith Plaintiffs were the legal parents of the children. Clinton County Judge Robertson entered the March 17, 2003 Order, and by operation of Michigan state law (MCL §710.60) once the adoption orders were signed, Plaintiffs became legal parents of the children.

This Court does recognize that in further state court proceedings that will take place as a result of this declaratory judgment, the parties are free to raise any issues they deem appropriate as to the March 17, 2003 Orders.

Accordingly, for the reasons stated above, the Court finds that there is no material issue of fact as to whether the Smith Plaintiffs were the legal parents of the children on March 17, 2003. Thus, the Smith Plaintiffs, having the legal status of parents, were entitled to notice of the Section 45 proceedings in Oakland County, and notice from Judge Robertson in Clinton County prior to his April 17, 2003 and April 18, 2003 Orders stripping them of the status as parents of

the two children at issue.[6] Indeed, the notice from Oakland County Court to Clinton County regarding the Section 45 proceeding acknowledged that the children were subject to the continuing jurisdiction of the Clinton County Court, and that the Smiths were listed as parents/defendants on that notice.

The Defendants have failed to demonstrate that the Smith Plaintiffs were given notice and a meaningful opportunity to be heard before their parental rights were taken from them via these post March 17, 2003 proceedings. Basic to procedural due process under the United States Constitution is that a party be given an opportunity to be heard in a meaningful manner before he is deprived of a valuable right. *Purisch v. Tennessee Tech. Univ.,* 76 F.3d 1414, 1423 (6th Cir. 1996) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971). The Court finds that it is undisputed by the parties that the Smith Plaintiffs had no opportunity to be heard in both the Clinton County and Oakland County Courts before their legal status as parents were stripped from them, and their children were removed from them. The right of parents to the care, custody and control of their children is a fundamental liberty interest protected by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Troxel v. Granville,* 530 U.S. 57, 65 (2000). Further, the permanent removal of children from their parents' home must meet federal constitutional standards. *Santosky v. Kramer,* 455 U.S. 745, 757 (1982).

Defendants do not dispute that Judge Pezzetti's April 15, 2003 Order, and Judge Robertson's orders on April 17, 2003 and April 18, 2003 vacating his adoption order were all

---

[6]The April 17, 2003 Order vacated the March 17, 2003 Order and held that jurisdiction rested in Oakland County Circuit Court. The April 18, 2003 Order was a corrected opinion which added some additional language to the April 17, 2003 Order, and stated "nunc pro tunc" to the April 17, 2003 Order.

23

entered without notice to the Smith Plaintiffs - - they had no opportunity to be heard.

> In a recent decision, the United States Court of Appeals for the Sixth Circuit reaffirmed:

> > Generally, the 'essential requirements of due process ... [are] notice and an opportunity to respond.' *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546 (1985).

*Ross v. Duggan,* 2004 WL 3245458 * 7 (6th Cir. May 19, 2004) (unpublished). Indeed, in

*Loudermill,* the Supreme Court followed the language quoted in *Ross,* with the following

language:

> > The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.

*Loudermill* at 546.

> The late Justice Potter Stewart, writing for the Supreme Court in *Fuentes v. Shevin,* 407

U.S. 67 (1972) noted the long-standing commitment of this nation to procedural due process

under our Constitution:

> > For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' *Baldwin v. Hale,* 1 Wall. 223, 233, 17 L.Ed. 531. It is equally fundamental that the right to be heard 'must be granted at a meaningful time and in a meaningful manner.'

*Id.* at 80 (Citations omitted).

Justice Stewart's opinion further noted:

> > It has long been recognized that 'fairness can rarely be obtained by secret, one-sided determinations of facts decisive rights ... [and no] better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it.

*Id.* at 81 (quote citation omitted).

> The Court finds that the Smith Plaintiffs should be granted partial summary judgment/

declaratory relief on their claim under 42 U.S.C. §1983 against Judges Pezzetti and Sullivan (vice Robertson). The Court finds that there is no genuine issue of material fact that: (1) there was a violation of the Smith Plaintiffs' right to due process secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person or persons acting under color of state law, to wit Judges Pezzetti and Robertson, see *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court issues a declaratory judgment finding that Judge Pezzetti's April 15, 2003 Order and Judge Robertson's April 17, 2003 and April 18, 2003 Orders were in violation of the due process clause of the United States Constitution, and should therefore be vacated as null and void. The Court further issues a declaratory judgment finding that the last valid state court Order was Judge Robertson's March 17, 2003 Order granting the Smith Plaintiffs' adoption petitions.

### 2.     The Smith Plaintiffs' Relief

The Smith Plaintiffs seek a declaratory judgment from the Court providing that the Orders issued by Judge Robertson (April 17 and 18, 2003) and Judge Pezzetti (April 15, 2003) are void *ab initio*. The Smith Plaintiffs contend that the March 17, 2003 Order is the last valid order. The Court agrees.[7] As the Sixth Circuit stated in *Catz v. Chalker*, 142 F.3d 279 (6th Cir. 1998) regarding a divorce judgment, if it was unconstitutionally obtained, it should be regarded as a nullity. (*Id.* at 291). Similarly, here the Court finds that the orders issued after March 17, 2003 by Judges Pezzetti and Robertson were handed down in violation of the U.S. Constitution and therefore are deemed a nullity.

---

[7]In granting Plaintiffs' requested relief in part, the Court notes that unlike the Smith Plaintiffs, there has been no final order of adoption entered for the Cromwell Defendants.

25

Defendant Cromwells argue that the Smith Plaintiffs do not come before the Court with clean hands, and therefore the Court should not grant their requested equitable relief. The Court finds that it is well established that "he who comes in equity must come with clean hands." *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945). On the other hand, "this maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant." *Id.* The Court finds that the facts before this Court, taken in the light most favorable to the non-moving parties, the Defendants, do not provide any support for the allegation that the Smith Plaintiffs have unclean hands so as to prohibit equitable relief. The Cromwell Defendants have not demonstrated that the Smith Plaintiffs engaged in fraudulent conduct.

On the other hand, there is evidence demonstrating that the Clinton County Court had received notice of an Oakland County Section 45 hearing. Indeed, the Oakland County notice to Clinton County listed the Smiths as parties to a future hearing (no date given), as parents, or defendants, but Oakland County did not send a notice to the Smiths. Under these undisputed circumstances, it is unreasonable to assert that the Smith Plaintiffs were acting in bad faith because they did not notify the Clinton County Court of an Oakland County matter that they had not been notified about, in particular, when the Clinton County Court had received proper notice. Of course, this Court's findings as to the factual evidence before the Court does not restrict the relevant parties from raising issues relating to the state court rulings in future state court proceedings resulting from this Declaratory Judgment.

The Court also rejects Defendant Judge Sullivan's argument that Clinton County has no jurisdiction to act with respect to the minor children. Defendant Judge Sullivan contends as

26

follows:

> it appears the Court may be contemplating the entry of an order compelling a state court hearing, with Plaintiffs being afforded notice, and an opportunity to be heard, addressing the rights granted Plaintiffs under the March 17, 2003, adoption orders, the propriety of those adoption orders being subsequently set aside, and what rights, if any, Plaintiffs currently have with respect to the Holey minors. These issues involve the interpretation and application of state domestic relations law, an area 'within the special expertise of the courts.'

(Sullivan's Response at 6).

The Court disagrees with Defendant Judge Sullivan's characterization of the post March

17, 2003 orders. As the Sixth Circuit provided in *Catz:*

> [Catz] was not asking the district court to involve itself in the sort of questions attendant to domestic relations that are assumed to be within the special expertise of the state courts - for instance what custody determination would be in the best interest of a child. Instead Catz asks the court to examine whether certain proceedings, which happen to involve a divorce, comported with the federal constitutional guarantee of due process. This is a sphere in which the federal courts may claim an experience at least equivalent to that of the state courts.

(*Catz* at 292-93.). This Court, in this Declaratory Judgment has ruled that the state court orders

subsequent to the March 17, 2003 Clinton County Adoption Orders violate the Due Process

Clause of the United States Constitution and are therefore null and void. This Court is not

further adjudicating the future of state court proceedings, interpreting state domestic relations

laws, or determining the ultimate custody of the two minor children. Those matters remain for

the Michigan courts to determine. In addition, it is for the Michigan Courts to determine which

Court should proceed in this matter. This Court's concern is that there be due process provided

to the Smith Plaintiffs - - notice and an opportunity to be heard in those state proceedings.

As this Court stated in its November 10, 2004 Order, the Smith Plaintiffs have set forth a

procedural due process claim, challenging the procedure by which Judge Pezzetti and Judge

Robertson issued their rulings. Defendant Judge Sullivan (vice Robertson) argues that this

Court cannot overturn Judge Robertson's order providing that Oakland County had jurisdiction

without violating *Rooker-Feldman* because it was a substantive decision. However, the Court

finds that Judge Robertson's April 17, 2003 and April 18, 2003 Orders Setting Aside his Orders

of Adoption were entered without a hearing and notice to the Smith Plaintiffs. As the Court

stated in its November 10, 2004 Order, "this particular due process claim is directed to the

procedures used by Judge Robertson rather than the substance of his state court judgment."

(November 10, 2004 Order at 49). This Court's opinion does not weigh in on the substance of

those rulings.

Similarly, Defendant Judge Pezzetti argues that an order by this Court declaring the

orders issued after March 17, 2003 void *ab initio* is barred by the domestic relations exception to

federal jurisdiction and the *Rooker-Feldman* doctrine. This Court has already held that the

Smith Plaintiffs' requested relief granted in this opinion per *Catz v. Chalker, supra* does not

violate these doctrines. (November 10, 2004 Opinion and Order at 49-58).

This Court concludes that Defendant Judge Sullivan's argument that this Court may not

grant injunctive relief at this stage in the proceeding prior to the violation of a declaratory decree

has merit. Defendant Judge Sullivan cites 42 U.S.C. §1983 which provides:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of
> any State or Territory or the District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress, *except that in any action brought against a judicial officer for an*
> *act or omission taken in such officer's judicial capacity, injunctive relief shall not be*
> *granted unless a declaratory decree was violated or declaratory relief was unavailable.*

28

42 U.S.C. §1983.  (Italics supplied).

This Court finds that declaratory relief was unavailable to the Smith Plaintiffs at the state court level.  However, the Court finds that declaratory relief is available and proper in this instance.

*Tesmer v. Granholm,* 333 F.3d 683 (6th Cir. 2003)[8] is instructive.  In *Tesmer,* the Sixth Circuit reversed the district court's injunction enjoining state court judges who refused to abide by its ruling that the state's practice of denying indigent criminal defendants appellate counsel following plea based convictions was unconstitutional.  The district court in *Tesmer* initially found the statute unconstitutional and issued a declaratory judgment so stating.  However, two state court judges still denied appellate counsel to an indigent defendant.  The district court then issued an injunction requiring the state judges to appoint appellate counsel.  The injunction went further still, and bound all Michigan state court judges to abide by the Court's ruling.

The Sixth Circuit struck down the district court's injunction binding all Michigan state court judges.  In so holding, the Sixth Circuit acknowledged that it is "ordinarily presumed that judges will comply with a declaration of a statute's unconstitutionality without further compulsion."  *Id.* at 703. (quoting *In re Justices of Supreme Court,* 695 F.2d 17, 23 (1st Cir. 1982).  The Sixth Circuit, however, stated:

> Failure of a judge unnamed in a declaratory decree to abide by such declaration does not allow a district court to throw caution to the wind and summarily bind all judges.  The Court must still follow the statutes, rules, and case law governing the issuance of injunctions.  We hold that...the injunction cannot issue.

---

[8]This case was reversed and remanded on other grounds by the United States Supreme Court in *Kowalski v. Tesmer,* 125 S. Ct. 564 (2004).

29

*Id.* at 703-4.

In following the pathway set forth by the Sixth Circuit in *Catz v. Chalker, supra,* and the plain language of §1983, this Court will issue a declaratory judgment holding unconstitutional on due process grounds the April 15, 2003 Order of Judge Pezzetti, and the April 17, and 18, 2003 Orders of Judge Robertson. The Opinion does not impose affirmative injunctive relief at this time. The Court presumes that Michigan courts will comply with this Court's ruling declaring that the March 17, 2003 adoption orders of Judge Robertson were the last valid state court orders and proceed from that point to adjudicate the merits of the custody of the two minor children in hearings that comport with the Constitutional requirements of due process as to the relevant parties to those proceedings.

Accordingly, the Court issues a declaratory judgment finding:

(1) the following State Circuit Court Orders entered after the Clinton County Court March 17, 2003 Order of Adoption are void *ab initio* because they were issued in violation of the Smiths' rights to procedural due process guaranteed by the United States Constitution:

> (a) *IN THE MATTER OF: LILIANDRA AMETHYST DAWNE HOLEY, AND PEARL PATRICE HOLEY, ADOPTEES; DONNA AND JONATHAN CROMWELL, PETITIONERS, v. FAMILY INDEPENDENCE AGENCY, RESPONDENT,* FILE NOS.: 02-665772-AD; 02-669671-AD, OAKLAND COUNTY CIRCUIT COURT ORDER OF APRIL 15, 2003 (PEZZETTI, J.);

> (b) *IN THE MATTER OF: LILIANDRA AMETHYST DAWNE HOLEY, PEARL PATRICE HOLEY, ADOPTEES,* FILE NOS.: 02-16009-AM; 01-16008-AM, CLINTON COUNTY CIRCUIT COURT ORDERS OF APRIL 17, 2003 AND APRIL 18, 2003 (ROBERTSON, J.)

(2) the Clinton County March 17, 2003 Adoption Orders granting the Smith Plaintiffs legal status as the parents of the two minor children are the last valid orders;

(3) future state court proceedings in this matter, consistent with this declaratory judgment, must provide the Smith Plaintiffs with notice and a hearing pursuant to the Due Process Clause of the United States Constitution.

**SO ORDERED.**

Dated:  **APR - 4 2005**
     Detroit, Michigan

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

31