UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMERA and CHADDWIC SMITH,

      Plaintiffs/Petitioners,        CASE NO. 03-74213

-vs-                                    PAUL D. BORMAN
                                      UNITED STATES DISTRICT JUDGE

HON. ELIZABETH M. PEZZETTI, JUDGE,
OAKLAND COUNTY CIRCUIT COURT; HON.
LISA SULLIVAN, JUDGE, CLINTON COUNTY
CIRCUIT COURT; AND DONNA & JONATHAN
CROMWELL,

      Defendants/Respondents.
_____/

**OPINION AND ORDER:**
**CERTIFYING ORDER OF DECLARATORY JUDGMENT AS A**
**FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b).**

On April 11, 2005, Defendant Oakland County Circuit Judge Elizabeth Pezzetti ("Defendant Judge Pezzetti") filed an Emergency Motion to Certify Declaratory Judgment for Appeal and For Stay of Proceedings Pending Appeal. The Plaintiffs Tamera and Chaddwic Smith ("Smith Plaintiffs") filed their Response to Defendant Judge Pezzetti's Motion on April 15, 2005.

There are two issues before this Court: (1) whether this Court should certify its Order of Declaratory Judgment for Appeal pursuant to Federal Rule of Civil Procedure 54(b); and (2) whether this Court should grant Defendant Judge Pezzetti's Motion for Stay Pending Appeal.

A hearing was held on April 18, 2005, at which time (1) Plaintiffs stated that they did not

1

object to this Court certifying its Declaratory Judgment Order of April 4, 2005 as a final judgment, and (2) Defendants withdrew their request for a stay pending appeal. Accordingly, the only remaining issue for decision is Defendant Judge Pezzetti's Request for a Final Judgment Order pursuant to Fed.R.Civ.P. 54(b).

Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed.R.Civ.P. 54(b).

The Court finds that the direction of a final judgment as to its April 4, 2005 Opinion and Order Granting Declaratory Judgment is appropriate. The Court notes that the Smith Plaintiffs' conspiracy claim, not part of the Smith Plaintiffs' partial summary judgment motion, remains before the court.

The adjudication of further issues relating to the custody or adoption of the two minor children is not for this Court to decide. This Court's focus has been on the constitutional right of procedural due process. The Smith Plaintiffs, as the legal adoptive parents of the two minor girls pursuant to the Clinton County Orders of adoption of March 17, 2003, were denied their constitutional rights to notice and an opportunity to be heard prior to the issuance of Oakland County Circuit Judge Pezzetti's April 15, 2003 Opinion and Order, and also with regard to Clinton County Circuit Judge Robertson's post-adoption orders of April 17 and 18, 2003. Accordingly, this Court's ruling of April 4, 2005, held the Orders of April 15, 2003 (Pezzetti, J) and the Orders of April 17 and 18, 2003 (Robertson, J) void *ab initio*.

The April 4, 2005 Opinion and Order stated as follows:

**OPINION GRANTING DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201 AND FEDERAL RULE OF CIVIL PROCEDURE 57, DECLARING THAT:**

**(1) ON MARCH 17, 2003 THE CLINTON COUNTY CIRCUIT COURT, FAMILY DIVISION, ENTERED ORDERS OF ADOPTION GRANTING THE SMITH PLAINTIFFS THE LEGAL STATUS OF PARENTS OF THE TWO MINOR CHILDREN;**

**(2) THE FOLLOWING SUBSEQUENT STATE CIRCUIT COURT ORDERS ENTERED AFTER THE CLINTON COUNTY MARCH 17, 2003 ORDERS OF ADOPTION REMOVING THE TWO MINOR CHILDREN FROM THE SMITHS ARE VOID *AB INITIO* BECAUSE THEIR ISSUANCE WAS IN VIOLATION OF THE SMITH PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS TO NOTICE AND A HEARING UNDER THE UNITED STATES CONSTITUTION:**
      **(a)** *IN THE MATTER OF: LILIANDRA AMETHYST DAWNE HOLEY, AND PEARL PATRICE HOLEY, ADOPTEES; DONNA AND JONATHAN CROMWELL, PETITIONERS, v. FAMILY INDEPENDENCE AGENCY, RESPONDENT,* **FILE NOS.: 02 665772-AD; 02-669671-AD, OAKLAND COUNTY CIRCUIT COURT ORDER OF APRIL 15, 2003 (PEZZETTI, J.);**
      **(b)** *IN THE MATTER OF: LILIANDRA AMETHYST DAWNE HOLEY, PEARL PATRICE HOLEY, ADOPTEES,* **FILE NOS.: 02-16009-AM; 01-16008-AM, CLINTON COUNTY CIRCUIT COURT ORDERS OF APRIL 17, 2003 AND APRIL 18, 2003 (ROBERTSON, J.)**

**(3) THUS, THE MARCH 17, 2003, CLINTON COUNTY ORDERS OF ADOPTION OF THE TWO MINOR CHILDREN BY THE SMITH PLAINTIFFS ARE THE LAST VALID STATE CIRCUIT COURT ORDERS NOT IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION;**

**(4) FUTURE STATE COURT PROCEEDINGS RELATING TO THE TWO MINOR CHILDREN MUST NOT VIOLATE THE DUE PROCESS RIGHTS OF THE SMITH PLAINTIFFS UNDER THE UNITED STATES CONSTITUTION.**

This Court further noted in its April 4, 2005 Opinion and Order Granting Declaratory

Judgment:

This Declaratory Ruling is based upon the violation of the Smith Plaintiffs' right to Procedural Due Process under the United States Constitution; this Declaratory Ruling does not address substantive state family law issues, *inter alia,* custody/adoption.

(*Id.* p.2, fn. 2).

Any future hearings relating to the custody and/or adoption of the two minor girls are to be determined in the state courts, in proceedings consistent with the Court's ruling of April 4, 2005, and with federal procedural due process principles.

**SO ORDERED.**

|  |  |
|---|---|
| Dated 4/18/05<br>Detroit, Michigan | /s/ Paul D. Borman<br>PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE |